IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRANXITION, INC.,** a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>**LENOVO (UNITED STATES) INC.,** a Delaware corporation,<br><br>Defendant. | Case No.: 3:12-cv-1065-HZ<br><br>**CONFIDENTIALITY PROTECTIVE ORDER** |

In this action, discovery requests have been propounded that seek the production of documents and information that the party from which those documents and information are sought considers to be or to contain confidential information that is subject to protection under Federal Rule of Civil Procedure 26(c). The type of information that is considered confidential is described with more particularity in paragraph 2 below.

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns confidential and sensitive business and technical documents, including source code and sensitive financial documents. The parties expect to exchange such documents and information even though, but for this litigation, such documents would not be disclosed to anybody outside of the party without a non-disclosure agreement, if at all. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE," together will all information derived therefrom, may be used only to litigate this action, and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

2. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" documents, testimony, written responses, or other materials produced or otherwise disclosed in this case if they contain information that the producing party contends, in good faith, is entitled to the protection thereby claimed. The party shall designate each page of the document with a

stamp identifying it as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE," if practical to do so.

3. If any papers containing, incorporating or disclosing the content of materials or information designated as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDNETIAL – SOURCE CODE" are filed with the Court, they shall be filed under seal and marked as containing such information. However, nothing in this Protective Order prevents a party from seeking to have sealed documents unsealed.

4. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" any portion of the transcript that discloses information that the party or witness contends, in good faith, is entitled to the protection thereby claimed. Unless otherwise agreed, deposition transcripts shall be treated as though designated "Attorneys' Eyes Only" until the expiration of the thirty-day period.

5. Notwithstanding any other provisions of this Protective Order, under no circumstances shall any person who reviews or learns one or more items relating to the structure, function, or operation of any product of the producing party designated as "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL- SOURCE CODE" be involved in the preparation or prosecution of any patent applications which pertain to systems and methods for the transition of configuration settings (generally or as described in the patents asserted in this action). These restrictions shall apply for two (2) year after Final Disposition, including all appeals. To avoid any doubt, “prosecution” as used in this paragraph does not include representing a party challenging a patent before a domestic agency. For purposes of this Protective Order, "Final Disposition" occurs upon an order, mandate, or dismissal finally terminating the Action with prejudice, including all appeals. Without limiting the foregoing, with respect to *inter partes* and post grant reviews, this provision shall not apply. Without limiting the foregoing, with respect to reexaminations, any person subject to this paragraph may advise reexamination counsel in any

reexamination proceeding involving a patent-in-suit if the following conditions are met: (1) the person's client retains reexamination counsel separate from, and unaffiliated with the person's firm in this case, (2) the person does not directly prosecute the reexamination, in whole or in part, (3) the outside counsel for plaintiff does not reveal "Attorneys' Eyes Only" or HIGHLY CONFIDENTIAL- SOURCE CODE" information to outside reexamination counsel, and (4) the person does not use the "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL- SOURCE CODE" information for any purpose other than the preparation for and conduct of the trial in this case, which shall include not using the opposing side's "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL- SOURCE CODE" information in connection with advising reexamination counsel, the patentee, or the assignee regarding the reexamination. Notwithstanding this paragraph, outside counsel may forward to prosecution or reexamination counsel the prior art references themselves that are produced during the course of this litigation.

6. Although this Protective Order does not require the production of source code, and stipulation to entry thereof does not constitute an admission that source code of any type is discoverable in this litigation, computer source code, including without limitation source files, make files, intermediate output files, header files, resource files, library files, module definition files, map files, linker files, browse info files, debug files, microcode, RTL and HDL (or other hardware description language), may be produced and designated as follows:

(a) Source code may be produced in native form on tangible electronic media (such as a DVD-ROM, CD-ROM or hard drive) that is labeled as "HIGHLY CONFIDENTIAL – SOURCE CODE". Any recipient of code so produced shall (1) store the media on which the code has been produced in a locked room or cabinet (the "Locked Room"), (2) not store such code on a computer, otherwise than in a temporary file that is automatically created incident to viewing the code and deleted upon completion of viewing, (3) insert the media for code viewing only into computers that have no Internet or any other network access while the media is inserted or the source code is being viewed, and (4) make no archival or other electronic copies of the

code. Hardcopy printouts of such portions of the code as are relevant to the claims and defenses in the case and are reasonably necessary for court filings, expert reports, and deposition exhibits may be made; however, such printouts shall be kept in the Locked Room, except while being used for case preparation purposes, such as for depositions or preparing expert reports or court filings. The receiving party may make up to 2 additional copies of hardcopy printouts to be stored in outside counsel's or approved consultant's Locked Room.

(b) In the alternative, source code may be designated, and made available for inspection in native format on a computer ("Producing Party Source Code Computer") provided by the party producing the code, as follows:

(i) Unless otherwise agreed between the parties seeking and making the production, plaintiff Tranxition, Inc. may produce source code by making it available for inspection at the Los Angeles office of Russ, August & Kabat, defendant Lenovo (United States) Inc. may produce source code by making it available for inspection at the Austin office of Akin, Gump, Strauss, Hauer & Feld LLP, and third parties may produce source code by making it available for inspection at a location of that third party's choosing.

(ii) Once source code has been made available for inspection, the party seeking its production shall provide notice of its inspection three business days prior to the inspection. The notice shall include the expected dates of the inspection as well as who will be conducting the inspection. Unless otherwise agreed by the party seeking and the party making the production, the source code shall be available for inspection from 9:00 a.m. to 5:00 p.m. local time, Monday through Friday.

(iii) The Producing Party Source Code Computer shall be configured to permit the inspecting party to make printouts of native source code from the Producing Party Source Code Computer—although the printer need not be physically connected to, or located in the same room as, the Producing Party Source Code Computer. If the printer is not located in the same room as the Producing Party Source Code Computer, the inspecting party shall be entitled,

on request, to view the printouts to ensure they are properly printed and formatted, but the producing party will retain possession of the printouts.

(iv) The Producing Party Source Code Computer shall have tools that are sufficient for viewing and searching the code, such as Notepad++ or Eclipse, to the extent such tools are available without cost. The inspecting party's outside counsel and/or experts may request that additional commercially available software tools reasonably necessary to assist in reviewing and searching the electronic source code be installed on the Producing Party Source Code Computer. The inspecting party must provide the producing party with the appropriate license information and installation package containing such licensed software tool(s) at least five (5) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Producing Party Source Code Computer. For emphasis, the tools for reviewing source code may not be used to circumvent the protections of this Protective Order in any way.

(v) The Producing Party Source Code Computer may be a password-protected, stand-alone, secured computer without Internet access or network access to other computers and with all input/output ports (such as USB) disabled and/or blocked, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from Producing Party Source Code Computer.

(vi) The source code shall be produced as it is kept in the normal course of business. The inspecting party's outside counsel and/or experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes.

(vii) The inspecting party shall only make printouts of only such portions of source code as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose. Upon conclusion of the inspection, the producing party shall number, copy, and label as "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed

by the inspecting party. If the producing party objects that all or any of the printouts are excessive and/or not relevant and necessary to the claims and defenses in the case, the producing party shall make such objection known to the inspecting party within three (3) business days. If, after meeting and conferring, the producing party and inspecting party cannot resolve the objection, the inspecting party shall seek a court resolution of whether the printed source code in question is relevant and necessary to the claims and defenses in the case. Any printouts not objected to by the producing party shall be produced by the end of the three-business-day objection period. Any printouts produced shall be subject to the same restrictions on storage and use as hardcopy printouts made from tangible electronic media under paragraph 6(a). The receiving party may make up to 2 additional copies of hardcopy printouts to be stored in the Locked Rooms of outside counsel, or consultants or experts as permitted by paragraph 7(d).

(viii) No physical or electronic reproductions of all or any portion of the source code may be taken by those inspecting the code from the room in which the source code is inspected. Except for printouts as authorized above, those inspecting the code may not make any physical or electronic record or transmission thereof from the room in which the source code is inspected; and they may not copy, remove, or otherwise transfer any source code from any Producing Party Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. Subject to those limitations, the inspecting party's outside counsel and/or experts may remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day. Leaving materials in the source code review room does not waive the attorney work product doctrine or any other applicable privilege, and such materials and shall be returned to the owner promptly (unless they contain source code). The producing party shall not be responsible for any items left in the source code review room.

(c) Unless agreed by the parties, images or copies of source code produced as provided hereinabove shall not be included in correspondence between the parties. References to production numbers or, if no production numbers exist, line numbers, file names and directory paths shall be used instead.

(d) Images or other reproductions of code produced and designated in accordance with paragraphs 6(a) or 6(b), no longer than 20 lines in length, may be included in electronic versions of expert reports and court filings. As drafts are superseded or the filing or report is abandoned, the images or other reproductions of code must be deleted from the superseded or abandoned documents (or, in the alternative, the document may be deleted in its entirety). The 20-line limitation may be exceeded by written agreement of the designating party, without further order of the Court.

(e) Any court filing, expert report, deposition exhibit, or transcript that includes any code produced and designated in accordance with paragraphs 6(a) or 6(b), or information derived therefrom, shall be designated, both on the first page and on every page that includes such code or derivative, as "HIGHLY CONFIDENTIAL – SOURCE CODE."

(f) Deposition exhibits that include code produced and designated in accordance with paragraphs 6(a) or 6(b) shall not be maintained in electronic form. Transcripts, and draft and final versions of court filings and expert reports created in accordance with paragraph 6(a) or 6(b), which include any code produced and designated in accordance with paragraphs 6(a) or 6(b) or information derived therefrom, may be maintained in electronic form, provided they are securely maintained.

(g) Any recipient of HIGHLY CONFIDENTIAL – SOURCE CODE material, produced and designated as set forth above, shall maintain a log ("Source Code Access Log") that identifies each and every time source code is copied, viewed, accessed, or analyzed, and for every such occasion indicates: (i) the name of each person who accessed the code; (ii) the date and time of access; (iii) the length of time of access; and (iv) whether and what copies of source

code were made, if any. Source Code Access Logs are not discoverable except upon a showing of a likelihood that there has been unauthorized disclosure of materials designated HIGHLY CONFIDENTIAL – SOURCE CODE.

(h) All tangible reproductions of HIGHLY CONFIDENTIAL – SOURCE CODE material, produced and designated as set forth above shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). Tangible reproductions of such material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production control numbers. If the deposition exhibit has been marked up or altered in any way by the deponent, it shall be held by the examining party subject to the same restrictions on storage and use as hardcopy printouts made from tangible electronic media under paragraph 6(a).

7. Disclosure of any information, documents, or portions of documents marked "Confidential," including all materials derived therefrom (collectively, "Confidential Material"), shall be restricted solely to the following persons:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel who have been disclosed to the producing party and who have signed Exhibit A hereto.

c. Two designated representatives from a party who have been disclosed to the producing party and who have signed Exhibit A hereto.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, who have signed Exhibit A hereto and whose identity, curriculum vitae and litigation consulting or expert work for the previous four years, including identifying information regarding prior clients and engagements, is provided to the party whose protected information is to be disclosed for purposes of their making a reasonable objection prior to any disclosure.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. A court reporter or videographer reporting a deposition at which such documents are being used.

g. Personnel of graphics, litigation support and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed Exhibit A hereto.

In addition, to facilitate their operation as a joint defense group, outside counsel of record for defendant Lenovo (United States) Inc. in this action may disclose to outside counsel of record for Novell, Inc. in *Tranxition, Inc. v. Novell, Inc.*, Case No. 3:12-cv-1404-HZ (D. Or.) ("*Novell* Action") any Confidential Material that pertains to any communications between them. For the sake of clarity, this sentence does not permit the gross production of documents or information to outside counsel of record for Novell in the *Novell* action.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE," including all information derived thereform, shall be restricted solely to the person listed in paragraphs 7(a), 7(e), 7(f), 7(g), and only five (5) persons designated under paragraph 7(d), unless additional persons are stipulated by counsel or authorized by the Court. In addition, outside counsel of record for defendant Lenovo (United States) Inc. may disclose such material to outside counsel of record for Novell in the *Novell* Action, as provided in paragraph 7.

9. If a party objects to the disclosure of materials designated under this Protective Order to an independent consultant described in Paragraph 7(d), above, the objecting party may serve written objections on all parties, identifying with particularity the basis for that objection. Such objections shall not be unreasonably made. Service of the objections shall be made by personal delivery, facsimile, e-mail, or by overnight delivery, and received within five (5) business days after the date of receipt of the identification of the independent expert. The party sponsoring an independent consultant shall not disclose any information designated

"Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information until five (5) business days after the required disclosure of the independent consultant as described in paragraph 7(d). The parties shall meet and confer in good faith to resolve the disagreement. If the parties cannot agree on disclosure of confidential information to the proposed independent consultant, the objecting party shall have an additional five (5) business days after the meet and confer in which to raise its objection with the Court in accordance with the Court's procedures. On any such motion, the objecting party shall have the burden of proof. No disclosure of confidential information may be made until after the validity of the objection has been resolved, either by negotiation or the Court.

10. Whenever information designated as "Confidential," "Attorneys' Eyes Only," "HIGHLY CONFIDNETIAL – SOURCE CODE" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated above as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute designations made in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction could reasonably reduce the scope of designation. If the parties are unable to resolve the matter informally, the party objecting to the designation may file an appropriate motion with the Court, in which event the designating party bears the burden of establishing the propriety of the designation. However, a party who disagrees with a designation must nevertheless abide by that designation until the designation is withdrawn or modified by agreement, or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDNETIAL – SOURCE CODE" prior to disclosure shall not operate as a waiver of the party's right to later designate the

document, testimony, or other material as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving party or its counsel shall not be held liable, however, for disclosure of such documents or materials if that party or counsel did not know or should not reasonably have known that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties the fact that the other party designated or failed to designate information or documents as "Confidential," "Attorneys' Eyes Only" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

14. Upon the request of the producing party or third party, within 90 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding this paragraph, each party may maintain a file copy of all discovery responses, court filings, expert reports and correspondence.

15. Nothing in this Protective Order shall preclude any party to this litigation or their attorneys from (1) showing a document designated as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to a deponent or witness in a Court proceeding who appears as an author, addressee or recipient of a copy of the document on the document's face, or (2) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Additionally, even if the name of a deponent or other sworn witness does not appear on the fact of the document, a party or its attorneys may show a document designated "Confidential," "Attorneys' Eyes Only," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to a deponent or witness in a Court proceeding currently or formerly employed by the designating party that deposing counsel reasonably believes is knowledgeable about the document. If the deponent indicates that s/he is not familiar with the document, the document shall be immediately removed from the deponent.

16. This Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Protective Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Protective Order.

17. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of information produced by another party or a third-party; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of protected information.

18. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

19. If a producing party inadvertently produces a document, tangible item or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material"), the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. In such circumstances, upon discovery of the inadvertent disclosure, the producing party shall promptly notify the receiving party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five (5) business days of receiving such notification, the receiving party shall return or confirm destruction of all such materials. Such return or confirmation of destruction shall not preclude the receiving party from seeking to compel production of the materials and shall not constitute an admission by the receiving party that the materials were, in fact, privileged or otherwise protected in any way. The producing party shall retain the Privileged Material for submission to the Court in the event the receiving party moves to compel. Nothing in this paragraph alters the provisions of Federal Rule of Evidence 502 regarding disclosure or waiver of attorney-client privilege and/or work product protection.

20. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

21. The restrictions on disclosure and use of material protected by this Protective Order shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: August 12, 2013

The Honorable Marco A. Hernandez
United States District Court Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRANXITION, INC.,** a Delaware corporation,<br><br>Plaintiff,<br>vs.<br><br>**LENOVO (UNITED STATES) INC.,** a Delaware corporation,<br><br>Defendant. | Case No.: 3:12-cv-1065-HZ<br><br>**CONFIDENTIALITY PROTECTIVE ORDER** |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ___________________________ , declare under penalties of perjury under the laws of the United States that I am fully familiar with the terms of the Protective Order ("Order") entered in the above captioned case, and hereby agree to comply with and be bound by the terms and conditions of the Order unless and until modified by further Order of this Court. I acknowledge that I am about to receive information or documents labeled "Confidential," "Attorneys' Eyes Only," and "HIGHLY CONFIDENTIAL- SOURCE CODE" ("Protected Documents") in this litigation and certify my understanding that such Protected Documents are being provided to me pursuant to the terms and restrictions of the Order. I understand that such information and any copies I make of any documentary material containing Protected Documents or any notes or other records that may be made regarding any such information shall not be disclosed to others, except other qualified persons as defined in that Order. I agree to submit to the jurisdiction of this Court in connection with any proceeding or hearing relating to Protected Documents in this litigation, including any proceeding relating to enforcement of this Order.

Dated: ________________ By: ___________________________________________