**Kenneth L. Walhood OSB No. 944572**
ken@bluncklaw.com
Blunck & Walhood, LLC
2350 Willamette Falls Drive
West Linn, OR 97068
503.656.1654 Phone
503.656.0603 Fax

**Fred I. Williams (pro hac vice)**
fwilliams@akingump.com
**Marwan Elrakabawy (pro hac vice)**
melrakabawy@akingump.com
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street, Suite 1900
Austin, TX 78701
512.499.6200 Phone
512.499.6290 Fax

**Todd E. Landis (pro hac vice)**
tlandis@akingump.com
**Eric J. Klein (pro hac vice)**
eklein@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
214.969.2800 Phone
214.969.4343 Fax

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| **TRANXITION, INC.,** a Delaware corporation, | § § § | Case No.: 3:12-cv-1065-HZ |
| Plaintiff, | § § § | **DEFENDANT LENOVO (UNITED STATES) INC.'S FIRST SUPPLEMENTAL ANSWER,** |
| v. | § § | **AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S** |
| **LENOVO (UNITED STATES) INC.,** a Delaware corporation, | § § § | **FIRST SUPPLEMENTAL COMPLAINT FOR PATENT INFRINGEMENT** |
| Defendant. | § § | **DEMAND FOR JURY TRIAL** |

_____

Defendant Lenovo (United States) Inc. ("Lenovo") files its First Supplemental Answer, Affirmative Defenses, and Counterclaims to Plaintiff Tranxition, Inc.'s ("Tranxition") First Supplemental Complaint for Patent Infringement as follows.  Lenovo's specific responses to the numbered allegations are set forth below.

## PARTIES

1.      Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      Lenovo admits that it is a Delaware corporation with its principal place of business at 1009 Think Place, Morrisville, North Carolina and that its agent for service is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.      Lenovo admits that Tranxition's alleged cause of action purports to arise under Title 35 of the United States Code and that this Court has subject matter jurisdiction.

4.      Lenovo admits venue is proper in the District of Oregon, however, Lenovo asserts that there may be one or more alternative venues that are clearly more convenient to this action. The remaining allegations of paragraph 4 are denied.

## FACTUAL BACKGROUND

5.      Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6.      Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7.      Lenovo admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 6,728,877 ("the '877 patent") entitled "Method and System for Automatically Transitioning of Configuration Settings Among Computer Systems" and that on its face the document states that it was issued on April 27, 2004.  Lenovo further admits that Exhibit B to the Complaint purports to be a copy of U.S. Patent No. 7,346,766 ("the '766 patent") entitled "Method and System for Automatically Transitioning of Configuration Settings Among Computer Systems" and that on its face the document states that it was issued on March 18, 2008.  Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7 and therefore denies them.

## COUNT I

## (INFRINGEMENT OF THE '877 PATENT)

8.      Lenovo denies each allegation contained in paragraph 8 of the Supplemental Complaint.

9.      Lenovo denies each allegation contained in paragraph 9 of the Supplemental Complaint.

10.     Lenovo denies each allegation contained in paragraph 10 of the Supplemental Complaint.

11.     Denied.

12.     Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13.     Lenovo denies each allegation contained in paragraph 13 of the Supplemental Complaint.

14.     Lenovo denies each allegation contained in paragraph 14 of the Supplemental Complaint.

## COUNT II

### (INFRINGEMENT OF THE '766 PATENT)

15.     Lenovo denies each allegation contained in paragraph 15 of the Supplemental Complaint.

16.     Lenovo denies each allegation contained in paragraph 16 of the Supplemental Complaint.

17.     Lenovo denies each allegation contained in paragraph 17 of the Supplemental Complaint.

18.     Denied.

19.     Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20.     Lenovo denies each allegation contained in paragraph 20 of the Complaint.

21.     Lenovo denies each allegation contained in paragraph 21 of the Complaint.

## PRAYER FOR RELIEF

No response is required to Plaintiff's statement of relief requested.  Lenovo denies that Tranxition is entitled to any of the requested relief and denies all allegations.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's request for a jury trial.

## AFFIRMATIVE DEFENSES

Subject to the responses above and without assuming any burden other than that imposed by operation of law, Lenovo alleges and asserts the following defenses in response to the

allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to their responses above, Lenovo specifically reserves all rights to allege additional defenses that become known through the course of discovery.

22.    Lenovo does not infringe and has not infringed (not directly, contributorily, or by inducement) any valid, enforceable claim of the '877 and '766 patents.

23.    The claims of the '877 and '766 patents are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.,* 101, 102, 103, and 112 of Title 35 of the United States Code.

24.    The claims of the '877 and '766 patents are unenforceable as asserted, in whole or in part, by doctrines of waiver, laches, and/or estoppel.

25.    Tranxition's requested relief is or will be barred or otherwise limited based on patent exhaustion, implied license, and the full compensation rule.

26.    Tranxition's alleged damages are limited because it has not satisfied the requirements for obtaining damages under 35 U.S.C. § 287, and the limitations period further bars past damages claims.

27.    On information and belief, Tranxition is estopped from asserting any interpretation of any valid and enforceable claim of the '766 patent to cover any of Lenovo's products or services used, imported, sold, or offered for sale, services, and/or methods of manufacture and Tranxition's claims are barred, in whole or in part, due to prosecution history estoppel and/or disclaimer, including statements, representations, and admissions made during prosecution and/or reexaminations of the '766 patent and/or any related patents or patent applications.  On information and belief, the applicants for the '766 Patent knew of U.S. Patent

_____

Nos. 5,600,781 and 5,867,714 during prosecution of the '766 Patent. Specifically U.S. Patent Nos. 5,600,781 and 5,867,714 were cited in applicants' co-pending applications, U.S. Application No. 11/249,750, during prosecution of the '766 Patent. On information and belief, U.S. Patent Nos. 5,600,781 and 5,867,714 are highly material to the patentability of the '766 Patent. On information and belief, a reasonable patent examiner would consider U.S. Patent Nos. 5,600,781 and 5,867,714 important in deciding whether to allow the application to issue as the '766 Patent. On information and belief, the applicants for the '766 Patent failed to cite U.S. Patent Nos. 5,600,781 and 5,867,714 during the prosecution of the application that led to the '766 Patent. On information and belief, the applicants' failure to cite U.S. Patent Nos. 5,600,781 and 5,867,714 to the U.S. Patent and Trademark Office ("USPTO") was done with deceptive intent. On information and belief, but for the applicants' deception the USPTO would not have allowed the '766 Patent to issue.

28.    On information and belief, the '766 Patent is unenforceable due to inequitable conduct on the part of the applicants for the '766 Patent.

29.    Tranxition is barred from the relief requested, in whole or in part, by the doctrine of unclean hands.

## COUNTERCLAIMS

Lenovo, for its Counterclaims against Tranxition and upon information and belief, states as follows:

## PARTIES

1.    Defendant Lenovo (United States) Inc. ("Lenovo") has a principal place of business at 1009 Think Place, Morrisville, North Carolina 27560.

---

2.       Lenovo is informed that Plaintiff Tranxition, Inc. ("Tranxition") is a Delaware corporation with its principal place of business at Maddox Building, 1231 NW Hoyt Street, Suite 206, Portland, Oregon 97209.

## JURISDICTION AND VENUE

3.       Subject to Lenovo's defenses and denials, Lenovo alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331 and 1338(a), and venue for these Counterclaims is proper in this district.

4.       This Court has personal jurisdiction over Tranxition.

## FACTUAL BACKGROUND

5.       In its Complaint for Patent Infringement, Tranxition asserts that Lenovo has infringed the '877 and '766 patents.

6.       Lenovo contends that the '877 and '766 patents are invalid and/or have not been and are not infringed by Lenovo, directly or indirectly.

7.       Consequently, there is an actual case or controversy between the parties over the non-infringement, invalidity, and/or unenforceability of the '877 and '766 patents.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,728,877

8.       Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 7 of its Counterclaims.

9.       An actual case or controversy exists between Lenovo and Tranxition as to whether the '877 patent is infringed by Lenovo.

10.       A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '877 patent.

11.    Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '877 patent.

12.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tranxition filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,346,766

13.    Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 12 of its Counterclaims.

14.    An actual case or controversy exists between Lenovo and Tranxition as to whether the '766 patent is infringed by Lenovo.

15.    A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights regarding the '766 patent.

16.    Lenovo has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '766 patent.

17.    This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tranxition filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT III

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,728,877

18.    Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 17 of its Counterclaims.

19.    An actual case or controversy exists between Lenovo and Tranxition as to whether the '877 patent is invalid.

20.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '877 patents is invalid.

21.     The '877 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq*., 101, 102, 103, and 112.

22.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tranxition filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,346,766

23.     Lenovo restates and incorporates by reference its allegations in paragraphs 1 through 22 of its Counterclaims.

24.     An actual case or controversy exists between Lenovo and Tranxition as to whether the '766 patent is invalid.

25.     A judicial declaration is necessary and appropriate so that Lenovo may ascertain its rights as to whether the '766 patents is invalid.

26.     The '766 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq*., 101, 102, 103, and 112.

27.     This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tranxition filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT V

### Declaratory Judgment of Unenforceability of U.S. Patent No. 7,346,766

28.     Lenovo restates and incorporates by reference the allegations of paragraphs 1-27 of its Counterclaims as though fully set forth herein.

29.     This is an action for declaratory judgment of unenforceability due to inequitable conduct of any and all claims of the '766 Patent.

30.     On information and belief, the '766 Patent is unenforceable due to inequitable conduct on the part of the applicants for the '766 Patent.

31.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202 between Lenovo and Tranxition as to whether the '766 Patent is unenforceable due to inequitable conduct.

32.     On information and belief, the applicants for the '766 Patent knew of U.S. Patent Nos. 5,600,781 and 5,867,714 during prosecution of the '766 Patent.  Specifically U.S. Patent Nos. 5,600,781 and 5,867,714 were cited in applicants' co-pending applications, U.S. Application No. 11/249,750, during prosecution of the '766 Patent.

33.     On information and belief, U.S. Patent Nos. 5,600,781 and 5,867,714 are highly material to the patentability of the '766 Patent.

34.     On information and belief, a reasonable patent examiner would consider U.S. Patent Nos. 5,600,781 and 5,867,714 important in deciding whether to allow the application to issue as the '766 Patent.

35.     On information and belief, the applicants for the '766 Patent failed to cite U.S. Patent Nos. 5,600,781 and 5,867,714 during the prosecution of the application that led to the '766 Patent.

36.     On information and belief, the applicants' failure to cite U.S. Patent Nos. 5,600,781 and 5,867,714 to the U.S. Patent and Trademark Office ("USPTO") was done with deceptive intent.

37.     On information and belief, but for the applicants' deception the USPTO would not have allowed the '766 Patent to issue.

38.     Lenovo requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in paragraphs 28-37 above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## COUNT VI

### Counterclaim for Infringement of U.S. Patent No. 6,182,212

39.     Lenovo restates and incorporates by reference the allegations of paragraphs 1-38 of its Counterclaims as though fully set forth herein.

40.     On January 30, 2001, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 6,182,212 titled "Method and System for Automated Migration of User Settings to a Replacement Computer System," (hereafter "the '212 Patent").  A true and correct copy of the '212 Patent is attached hereto as Exhibit A.

41.     Lenovo is the owner of all rights, title and interest in the '212 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

42.     Upon information and belief, in violation of 35 U.S.C. § 271, Tranxition has infringed, and is continuing to infringe either literally and/or under the doctrine of equivalents, the '212 Patent by practicing one or more claims of the '212 Patent in the manufacture, use, offering for sale and sale of migration products and services including but not limited to Migrate7 (hereafter "Accused Product").

43.     Upon information and belief, in violation of 35 U.S.C. § 271, Tranxition has infringed, and is continuing to infringe, the '212 Patent by way of actively inducing and

contributing to the infringement of others of one of more claims of the '212 patent by, among other things, making, using, importing, offering for sale, supplying, and/or selling, without license or authority, software and systems that infringe at least claim 1 of the '212 patent by migrating user system settings from an existing computer system to a replacement computer system, including but not limited to, Tranxition's manufacture, use, sale, offer for sale or importation of the Accused Product.  This software is made, used, imported, offered for sale, and/or sold by direct infringers of the '212 patent in the United States, such as Tranxition's customers.    Tranxition knowing, intentionally, and actively aided and abetted the direct infringement of the '212 patent by instructing and encouraging its customers and potential customers to use products and services, including Migrate 7, in a manner that infringes the '212 patent.    *See* Ex. B. (Migrate 7 Datasheet), available at http://www.tranxition.com/downloads/Migrate7-Datasheet.pdf.

44.    Tranxition's Accused Product is material to practicing and especially made or especially adapted for use in the infringement of the '212 patent and is not a staple article or commodity of commerce suitable for substantial non-infringing uses.

45.    Since at least the filing of a patent application No. 10/319,437 by Tranxition employees Kenneth J. Mackin, Gordon A. Rielly, and Mark C. Chweh, on December 13, 2002, Tranxition has had knowledge of the '212 patent because the '212 patent was cited on the face of the application.  By continuing the actions described above, Tranxition has had the specific intent to, or was willfully blind to the fact that its actions would induce infringement of the '212 patent as that term is defined in 35 U.S.C. § 271.

46.     Thus by making, using, importing, offering for sale, and/or selling such products and software, Tranxition has injured Lenovo and is thus liable to Lenovo for infringement of the '212 patent under 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c).

47.     As a result of Tranxition's infringement, Lenovo has suffered, and will continue to suffer damages.

48.     Lenovo is entitled to recover from Tranxition the damages it has sustained as a result of Tranxition's infringing acts in an amount subject to proof at trial.  Lenovo is also entitled to its costs of suit and interest.

49.     Upon information and belief, Tranxition's acts of infringement were willful and in conscious disregard for Lenovo's patent rights, and the resulting damage to Lenovo is such as to warrant the trebling of damages to provide just compensation pursuant to 35 U.S.C. § 284.

50.     Unless Tranxition is enjoined by this Court from continuing its infringement of the '212 Patent, Lenovo will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a permanent injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Lenovo prays for judgment as follows:

a.     A judgment dismissing Tranxition's Complaint against Lenovo with prejudice;

b.     A judgment in favor of Lenovo on all of its Counterclaims;

c.     A declaration that Lenovo has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '877 and '766 patents;

d.     A declaration that the '877 and '766 patents are invalid;

e.    A judgment that the '766 Patent is unenforceable due to inequitable conduct.

f.    An award to Lenovo for the amount of damages as proven at trial, including punitive damages;

g.    A declaration that this case is exceptional and an award to Lenovo of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

h.    A judgment limiting or barring Tranxition's ability to enforce the '877 and '766 patents in equity;

i.    That Tranxition be found to have infringed the '212 Patent and that such infringement be found to have been willful;

j.    That Tranxition be ordered to account for and pay over to Lenovo cumulative damages adequate to compensate Lenovo for Tranxition's infringement of the '212 Patent;

k.    That the amount of Lenovo's recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Lenovo pursuant to 35 U.S.C. § 284;

l.    That Tranxition, its officers, directors, agents, servants, employees, attorneys, confederates, representatives and any person and/or entities acting for, with, by, through, in concert with, or in participation with them, or any of them, be enjoined permanently from:

(a) further infringement of the '212 Patent pursuant to 35 U.S.C. § 271, either directly or contributorily; and

(b) from inducing others to infringe the '212 Patent.

m.      Declaring this an exceptional case under 35 U.S.C. § 285 and awarding Lenovo

its costs, expenses and attorneys' fees in this action;

n.      That Lenovo be awarded prejudgment interest; and

i.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-

38, Lenovo respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  October 8, 2013            Respectfully submitted,

By: */s/ Marwan Elrakabawy*      
     **Kenneth L. Walhood**, OSB No. 944572
     Telephone:  503.656.1654
     **Fred I. Williams** (pro hac vice)
     **Todd E. Landis** (pro hac vice)
     **Eric J. Klein** (pro hac vice )
     **Marwan Elrakabawy** (pro hac vice)
     Telephone:  512.499.6200

     **Attorneys for Defendant
     LENOVO (UNITED STATES) INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 8th day of October, 2013, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Marwan Elrakabawy*
**Marwan Elrakabawy**