**Dayna J. Christian, OSB #97336**
dayna.christian@immixlaw.com
Immix Law Group, PC
121 S.W. Salmon Street, Suite 1000
Portland, OR 97204
Telephone: (503) 802-5533

**Arthur S. Beeman (*pro hac vice*)**
arthur.beeman@arentfox.com
Arent Fox LLP
55 2nd Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 757-5500

**Paul H. Beattie (*pro hac vice*)**
paul.beattie@rimonlaw.com
Rimon Law Group, P.C.
7920 SE Steller Way
Snoqualmie, WA 98065
Telephone: (206) 696-9095

Attorneys for Plaintiff
Tranxition, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **TRANXITION, INC.,** a Delaware corporation,<br><br>    Plaintiff,<br>vs.<br><br>**LENOVO (UNITED STATES) INC.,** a Delaware corporation,<br><br>    Defendant. | Civil Case No. 3:12-cv-1065-HZ<br><br>**PLAINTIFF TRANXITION, INC.'S MOTION FOR ORDER EXTENDING CLOSE OF FACT DISCOVERY AND RELATED ADJUSTMENTS TO SCHEDULING ORDER; IN THE ALTERNATIVE TRANXITION'S MOTION FOR ORDER PRECLUDING LENOVO FROM TAKING TWELVE (12) UNTIMELY AND UNDULY BURDENSOME THIRD-PARTY DEPOSITIONS**<br><br>**EXPEDITED HEARING REQUESTED**<br><br>**TELEPHONIC HEARING REQUESTED**<br><br>**REPLY REQUESTED** |

# TABLE OF CONTENTS

Page(s)

I. PRELIMINARY STATEMENT ................................................................................ 2
II. MEET AND CONFER .............................................................................................. 3
III. FACTUAL BACKGROUND .................................................................................... 5
    A. Procedural History ......................................................................................... 5
    B. Lenovo's Belated Third-Party Subpoenas Concern Individuals And Entities That Have Been Known In This Matter For Months, If Not Years .......... 8
IV. ARGUMENT ............................................................................................................ 9
    A. Due To Lenovo's Untimely And Burdensome Third-Party Deposition Subpoenas, This Court Should Extend The Discovery Deadline And Related Dates, Not Including The Trial Date ................................................ 9
        1. Good Cause Exists For Seeking Modification To The Scheduling Order .................................................................................................. 9
        2. Tranxition Has Made Effective Use Of Prior Time ................................ 11
        3. Tranxition Sets Forth A Revised Proposed Discovery Schedule That Does Not Impact The October 13, 2015 Trial Date ........................ 11
    B. In The Alternative, Lenovo Should Be Precluded From Conducting Untimely And Unreasonably Burdensome Depositions ..................................... 12
        1. Lenovo's Belated And Burdensome Noticing Of Depositions Constitutes Abuse Of The Discovery Process ......................................... 12
        2. Lenovo Failed To Meet And Confer With Tranxition Regarding Deposition Scheduling .................................................................. 14
        3. Lenovo Improperly Seeks To Conduct More Than Ten Depositions In Violation of Federal Rule of Civil Procedure 30(a)(2) ........................ 14
V. CONCLUSION ....................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
  146 F.3d 1071 (9th Cir. 1998) ...................................................................................9

*Burnham v. United States*,
  544 F. App'x 660 (9th Cir. 2013) ...............................................................................9

*C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*,
  654 F.3d 975 (9th Cir. 2011) ....................................................................................11

*Goehring v. Brophy*,
  94 F.3d 1294 (9th Cir. 1996) ....................................................................................12

*Harry A. v. Duncan*,
  223 F.R.D. 536 (D. Mont.) ........................................................................................13

*Mondares v. Kaiser Found. Hosp.*,
  No. 10-CV-2676-BTM WVG, 2011 WL 5374613 (S.D. Cal. Nov. 7, 2011) ...........13

*Optimumpath, LLC v. Belkin Int'l, Inc.*,
  No. C 09-1398 CW MEJ, 2010 WL 4279501 (N.D. Cal. Oct. 22, 2010) .................13

*Sanchez v. Sterling Infosystems, Inc.*,
  No. 2:13-MC-0050-KJM-AC, 2013 WL 3772484 (E.D. Cal. July 16, 2013) ..........12

*United States v. Columbia Broad. Sys., Inc.*,
  666 F.2d 364 (9th Cir. 1982) ....................................................................................12

*Wong v. Beebe,*
  No. CV-01-718-ST, 2005 WL 1174984 (D. Or. Apr. 26, 2005) ................................9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16 ..............................................................................................................9

Fed. R. Civ. P. 26 ............................................................................................................12

Fed. R. Civ. P. 30 ..........................................................................................3, 11, 13, 14

Fed. R. Civ. P. 45 ............................................................................................................11

# NOTICE OF EXPEDITED MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiff Tranxition, Inc. ("Tranxition"), by and through its counsel of record, respectfully moves this Court on an expedited basis for an order extending the close of fact discovery for 45 days, as well as making related adjustments to this Court's Civil Trial Scheduling Order. (Attachment A sets forth Tranxition's requested schedule adjustments, preserving the current October 13, 2015 trial date.) In the alternative, Tranxition requests an order precluding Lenovo from taking twelve (12) untimely and unduly burdensome third party depositions. Pursuant to District of Oregon Local Rule 7-1(a), on February 18, 2014, Tranxition met-and-conferred with Defendant Lenovo (United States) Inc. ("Lenovo") regarding the subject matter of this motion. Lenovo indicated that it opposes Tranxition's motion.

This motion will be based upon this Notice, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Arthur Beeman, all pleadings, records and papers on file in this action, and upon such other oral and documentary evidence as may be permitted for considerations by the Court. Tranxition requests a telephonic hearing and requests leave of the Court to file a reply to Lenovo's forthcoming opposition to the instant motion.

**Dated**: February 20, 2015

Respectfully submitted,

By: */s/ Arthur S. Beeman*

**Dayna J. Christian, OSB #97336**
Immix Law Group, PC

**Arthur S. Beeman (pro hac vice)**
Arent Fox LLP

**Paul H. Beattie (pro hac vice)**
Rimon Law Group, P.C.

**ATTORNEYS FOR PLAINTIFF TRANXITION INC.**

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the District of Oregon Local Rules 7-1(g) and 16-3, Tranxition, by and through its counsel of record, hereby submits the following memorandum of points and authorities in support of its expedited motion.

### I. PRELIMINARY STATEMENT

After representing to this Court that, save for the completion of a single deposition, it had completed fact discovery, Lenovo waited until approximately two weeks before the close of discovery to seek twelve third-party depositions, noticed in five different states (including Texas, Wisconsin and Michigan), of individuals that have been known to Lenovo, in most instances, for years, seeking testimony and documents intended to invade Tranxition's privileged and confidential information. There is no reason for Lenovo to wait until the eve of the close of discovery to notice twelve depositions, other than a vain attempt to overwhelm and distract Tranxition from preparing its own case for trial.

Due to the impossibility of Lenovo scheduling and completing twelve third-party depositions prior to the March 2, 2015 close of fact discovery, Tranxition reached out to Lenovo to discuss the possibility of a joint application to the Court to extend the discovery cutoff to accommodate both parties in completing discovery. Lenovo vehemently shut down the conversation stating that it would "absolutely" not consider extending the fact discovery cutoff.

To permit the parties to obtain the discovery that they need, Tranxition hereby petitions the Court for an order postponing the discovery cut-off by 45-days and making related adjustments to the scheduling order, set out in detail in Attachment A. Tranxition's requested scheduling adjustments not only preserve the current October 13, 2015 trial date, it allows for a full two months between the parties' exchange of rebuttal witnesses and trial. If this Court

adjusts the schedule as requested, Tranxition will have sufficient time to lodge objections to protect its privileged information and meet-and-confer with Lenovo regarding the proper scope of discovery. Further, Lenovo will have additional time to complete at least some of the dozen depositions and Tranxition will have a similar opportunity to shore up its discovery as it sees fit.

Alternately, should this Court decline to change the schedule, Tranxition moves for an order preventing Lenovo from taking each of the twelve third-party subpoenas for a multitude of reasons, including: (1) Lenovo's abuse of the discovery process with regard to the quantity and timing of the requested depositions; (2) failure to meet and confer with Tranxition regarding the scheduling of the depositions; and (3) exceeding the ten depositions permitted by FRCP 30(a)(2) without leave of court or a stipulation.

In so moving, Tranxition does not admit to the propriety of any of Lenovo's sought third-party depositions. In fact, because Lenovo seeks testimony and documents from Tranxition's former attorneys and other similarly situated parties, Tranxition anticipates extensive motion practice will be necessary to protect its privileged and confidential information. However, it is impossible for Tranxition to protect its rights and for these twelve depositions to go forward before the close of discovery. For these reasons, Tranxition respectfully requests an order extending the discovery cut-off by 45 days or, in the alternative, an order preventing Lenovo from taking these belated and vexatious depositions.

## II.    MEET AND CONFER

At 11:00 a.m. PST on February 17, 2015, counsel for Tranxition met-and-conferred with counsel for Lenovo regarding Lenovo's responses to Tranxition's Third Set of Requests for Production of Documents. (Declaration of Arthur S. Beeman ("Beeman Decl."), ¶ 2.) Counsel for Lenovo was unprepared for the meet-and-confer. Among other things, the meet-and-confer

was put on hold twice, first for Lenovo's counsel to locate the correspondence outlining the scope of the meet-and-confer and, second, for Lenovo's counsel to locate the discovery requests that were the focus of the meet-and-confer. (Beeman Decl., ¶ 3.) During the course of the meet-and-confer, Lenovo changed its position multiple times with regard to several important issues. (*Id.*) Lenovo angrily refused to answer Tranxition's questions seeking clarifying regarding Lenovo's shifting answers and abruptly hung up, prematurely terminating the meet-and-confer. (*Id.*) (True and correct copies of the parties' subsequent e-mail exchange and meet-and-confer letters are attached as Exhibits A - C to the Beeman Declaration.)

  At 3:49 p.m. PST, February 17, 2015, Arthur S. Beeman, counsel for Tranxition, e-mailed Eric Klein, among other counsel for Lenovo, requesting that the topic of the twelve third-party depositions be included in the resumption of the parties meet-and-confer. (Beeman Decl., ¶ 7, Ex. D, p. 16.) At 4:31 p.m. PST, Mr. Klein responded that "[t]here is no need to meet and confer on this issue; Lenovo intends to take these depositions." (Beeman Decl., ¶ 7, Ex. D, p. 1.) At 4:37 pm PST, Mr. Beeman responded "[o]f course we must meet and confer on the matter of depositions – there is a timeliness issue as to the notices which must be discussed." (*Id.*) The next day, February 18, 2015, at 11:00 a.m. PST, the parties resumed meeting-and-conferring with regard to Tranxition's Third Set of Requests for Production of Documents. (Beeman Decl., ¶ 8.) During this meet-and-confer, Mr. Beeman addressed the issue of Lenovo's belated third-party deposition subpoenas. (*Id.*)

  Mr. Beeman suggested that the parties agree to jointly petition this Court for a 45-day extension with regard to the close of discovery to accommodate Lenovo's identified depositions and any other outstanding discovery. (*Id.*) Without allowing Mr. Beeman to finish, Todd Landis rejected Mr. Beeman's proposal, stating Lenovo "absolutely" would refuse to change the

discovery cut-off. (*Id.*) Mr. Beeman inquired as to how Lenovo anticipated completing these depositions before the March 2, 2015 discovery cut-off, to which Mr. Landis replied that he had attorneys set up that were ready and prepared to take the depositions and was not concerned with timeliness. (*Id.*)

## III. FACTUAL BACKGROUND

### A. Procedural History

Tranxition brought this patent infringement matter on June 15, 2012. [Dkt. No. 1.] On September 17, 2012, this Court entered a scheduling order setting the Markman hearing for April 8, 2013 and fixing the close of discovery based on the issuing of a Markman Order. [Dkt. No. 28.] Due to a stay that was put in place to allow the parties to engage in settlement discussions, the Markman hearing was not held until August 26-27, 2014. [Dkt. Nos. 159, 160.] This Court entered its Markman Order on December 2, 2014. [Dkt. No. 199.]

In November 2014 the parties filed briefs in support of competing scheduling orders. In its November 28, 2014 reply, Lenovo unequivocally stated, save for the continuation of Tranxition's 30(b)(6) deposition, it had completed its discovery:

> Tranxition argues that "both parties need more time for discovery" and that the "parties are still in disagreement on fundamental discovery scope issues." *See* Dkt. No. 188 at 4; *see also* Dkt. No. 185 at 3. Tranxition is wrong. ***Like any reasonable litigant, Lenovo has conducted the discovery it needed to defend its products from Tranxition's infringement claims.*** Some of that discovery has been the subject of a motion to compel and now a motion for sanctions against Tranxition. *See* Dkt. Nos. 147 and 174. ***The remainder of that discovery will be completed by December 5 after the Court-ordered continuation of Tranxition's 30(b)(6) deposition.*** *See* September 4, 2014, Motion to Compel Hearing Transcript at 36. ***Lenovo has no further discovery to take besides expert discovery.***

[Dkt. No. 197, p. 3, emphasis supplied.]

On December 19, 2014, this Court held a telephonic hearing regarding discovery issues and scheduling. [Dkt. No. 218.] During this hearing, the Court set the close of fact discovery for March 2, 2015 (90 days after the issuance of the Markman Order). (Beeman Decl., ¶ 9, Ex. E, pp. 25-27; Tr. 18:12-20:11.) On behalf of Lenovo, Mr. Landis stated that "we certainly don't need that much time; and we think that's pretty excessive, given how much time has already been spent in this case on discovery." (Beeman Decl., ¶ 9, Ex. E, p. 26; Tr. 19:7-19:10.)

At the same hearing, this Court set the following schedule through trial:

- **March 2, 2015** – close of fact discovery (90 days after Markman Order).
- **March 12, 2015** – disclosure of expert testimony (100 days after Markman Order).
- **April 13, 2015** – disclosure of rebuttal expert testimony (130 days after Markman Order).
- **May 11, 2015** – close of expert discovery (160 days after Markman Order).
- **June 1, 2015** – last day to file dispositive motions (180 days after Markman Order).
- **June 16, 2015** – identification of trial witnesses.
- **July 1, 2015** – identification of rebuttal witnesses.
- **TBD** – pretrial conference order (10 days after ruling on dispositive motions).
- **October 6, 2014** – pretrial conference.

On February 12, 2015 Mr. Klein, counsel for Lenovo, sent an e-mail to Paul Beattie, counsel for Tranxition, stating that "[w]e plan to take the depositions of the following individuals: 1. John Teddy; 2. Leonard Smith; 3. Stephen Lesavich; 4. Patrick Mackin; 5. David Hall; 6. Clay Pew; 7. Mats Lanner; and 8. Gordon Rielly." (Beeman Decl., ¶ 7, Ex. D, pp. 10-19.) Despite the fact that Lenovo waited until near the close of discovery to identify these potential third-party witnesses, Mr. Klein demanded that Tranxition agree to accept service or

provide "current" contact information by noon, "January [sic] 13, 2015."[1] (*Id.*) That same day Mr. Beattie responded that "I will circle back to my team to discuss. I personally am in depositions and a mediation today and tomorrow. But let me explore this with my team and get back to you." (Beeman Decl., ¶ 7, Ex. D, p. 18.)

On February 13, 2015, Mr. Klein responded by email and attached deposition notices and subpoenas for these eight individuals, including additional subpoena duces tecums for IPNAV and IPStrom.[2] (Beeman Decl., ¶ 10, Ex. F.) In his e-mail, Mr. Klein continued to demand an immediate response, stating that "[a]s you know, we requested that you confirm that you would accept service no later than noon today. We have not heard back from you and request that you let us know immediately." (*Id.*) Mr. Klein continued "[a]gain, if you will not accept service, please immediately provide current contact information for each of these individuals so we can get them served." (*Id.*)

On February 17, 2015, Mr. Tatachar wrote on behalf of Lenovo attaching subpoenas and deposition notices for Judy Cadoura and Maurice Pirio.[3] (Beeman Decl., ¶ 11, Ex. G.) Also on February 17, Mr. Klein asked Mr. Beattie to confirm whether Tranxition would accept service. (Beeman Decl., ¶ 10, Ex. F.) (The rest of this exchange is described, supra, in "Statement Regarding Meet-and-Confer.")

At no time prior to providing copies of the subpoenas to Tranxition, or otherwise, did counsel for Lenovo enquire as to Tranxition's availability on any of the deposition dates or locations for any of the twelve deposition notices. (Beeman Decl., ¶ 12.) As of the time of this

---

[1] Presumably, Mr. Landis meant to demand a response by noon, February 13, 2015.
[2] The subpoena dues tecum for IPNAV and IPSTROM each have 16 appended document requests regarding Tranxition materials and communications, including communications with Tranxition's attorneys. (Beeman Decl., ¶ 10, Ex. F, pp. 82-131.)
[3] Ms. Cadoura and Mr. Pirio were Tranxition's patent counsel.

**PLAINTIFF TRANXITION'S EXPEDITED MOTION FOR ORDER EXTENDING CLOSE OF FACT DISCOVERY**
**NO. 3:12-CV-1065-HZ**

7

filing, Lenovo has not informed Tranxition as to whether any of the dozen third-party subpoenas have been served. (Beeman Decl., ¶ 13.) Lenovo has only informed Tranxition that the first three depositions will have to be rescheduled and that no other depositions have been confirmed. (Beeman Decl., ¶ 17, Ex. L.)

> **B. Lenovo's Belated Third-Party Subpoenas Concern Individuals And Entities That Have Been Known In This Matter For Months, If Not Years.**

Each of the third-party deponents are a long-standing part of this record. Two were in Tranxition's initial disclosures, dated August 6, 2012 (Mats Lanner and Gordon Rielly, who is also a co-inventor of the subject patents and was thus known to Lenovo since the filing of the complaint). (Beeman Decl., ¶ 14, Ex. H.) Four others were identified by name in the May 14, 2013 personal deposition of Kelly Mackin, including John Teddy, Leonard Smith, Stephen Lesavich and Patrick Mackin. (Beeman Decl., ¶ 15, Ex. I.) David Hall was identified in Tranxition's November 5, 2014 Third Supplemental Interrogatory Responses Regarding Interrogatory No. 2. (Beeman Decl., ¶ 16, Ex. J.) Clay Pew, former CEO of Tranxition was, at the latest, identified in Laplink's August 21, 2014 third-party production to Lenovo. (Beeman Decl., ¶ 17.) IPNAV is a patent monetization firm that was also identified in this same production. (Beeman Decl., ¶ 18.) Lenovo has been aware of IPStrom since at least March 5, 2014, when Steve Taylor, IPStrom's Principal, signed the protective order. (Beeman Decl., ¶ 19.) The fact that Perkins Coie prosecuted the subject patents is evident on the face of the patents and, at minimum, the prosecution history of the patents identifies Judy Kadoura and Maurice Pirio.[4]

---

[4] Lenovo listed Gordon Rielly, Maurice Pirio and Judy Kadoura as individuals with potential discoverable information in is August 15, 2012 Supplemental Disclosures. (Beeman Decl., ¶ 20, Ex. K.)

**PLAINTIFF TRANXITION'S EXPEDITED MOTION FOR ORDER EXTENDING CLOSE OF FACT DISCOVERY**
**NO. 3:12-CV-1065-HZ**
8

IV. **ARGUMENT**

   A. **Due To Lenovo's Untimely And Burdensome Third-Party Deposition Subpoenas, This Court Should Extend The Discovery Deadline And Related Dates, Not Including The Trial Date.**

It is well established that "[d]istrict courts have inherent power to control their dockets . . . ." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Parties seeking a modification of a scheduling order entered pursuant to Federal Rule of Civil Procedure 16(b)(4) need only show "good cause." *Wong v. Beebe,* No. CV-01-718-ST, 2005 WL 1174984, at *1 (D. Or. Apr. 26, 2005) *citing Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-608 (9th Cir.1992). "Good cause exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Burnham v. United States*, 544 F. App'x 660, 660 (9th Cir. 2013) *citing* Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.). The primary consideration is the diligence of the moving party and not the prejudice suffered by the nonmoving party. *Wong v. Beebe,* 2005 WL 1174984, at *1 *citing Johnson v. Mammoth Recreations, Inc.,* 975 F.2d at 607-608. In addition to showing good cause, the District of Oregon Local Rule 16-2(a) further requires that a party seeking to modify a scheduling order must: (1) show effective prior use of time; (2) recommend a new date for the deadline in question, and (3) show the impact of the proposed extension on other existing deadlines, settings, or schedules.

   1. **Good Cause Exists For Seeking Modification To The Scheduling Order.**

As its counsel has made clear, Lenovo intends to take twelve third-party depositions during the last two weeks of discovery. (Beeman Decl., ¶ 7, Ex. D, p. 15.) That Lenovo is pursuing this discovery with the intent to sandbag Tranxition cannot be disputed. Most of the potential deponents have been a part of the record for years, some since the inception of this

case. With full knowledge of each of these individuals, in November 2014, Lenovo represented to the Court that, save for the completion of a 30(b)(6) deposition, it was done with fact discovery. [Dkt. no. 197, p. 3.] Further, at a December 19, 2014 telephonic hearing regarding scheduling, counsel for Lenovo represented to this court that the current March 2, 2015 close of discovery was "excessive." (Beeman Decl., ¶ 9, Ex. E, pp. 26; Tr. 19:7-19:10.)

Yet, despite being aware of these individuals and entities, and despite these representations to the Court, Lenovo waited until February 12, 2015, to inform Tranxition of the third-party depositions and stated, unequivocally, that meeting-and-conferring was not necessary, because "Lenovo intends to take these depositions." (Beeman Decl., ¶ 7, Ex. D, p. 1.) Even more telling, the very next day, Lenovo served Tranxition with completed subpoenas, including topics and document requests for certain of them. (Beeman Decl., ¶ 10, Ex. F.) These prepared subpoenas clearly indicate that Lenovo had been plotting this discovery for days, if not weeks, yet waited until the eve of the close of discovery to notify Tranxition.

Even were Tranxition to neglect its own schedule, which it it is not required to do, and even if every third party deponent were willing to drop everything, which they are not required to do, it is a simple fact that twelve depositions cannot be done in the six remaining business days prior to the close of discovery, especially as Local Rule 16-2(e) requires that all depositions be complete before the close of discovery. The impossibility of this schedule is further confirmed by the fact that as of today the first three depositions have been cancelled. (Beeman Decl., ¶ 21, Ex. L.) Moreover, Tranxition's counsel, having no forewarning of Lenovo's ploy, have obligations in other cases during the next two weeks.

Further, Lenovo is strategically attempting to force these depositions and related productions without providing Tranxition sufficient opportunity to object, meet-and-confer and,

if necessary, seek a protective order. Tranxition's objections are critical because Lenovo seeks discovery plainly calculated to invade Tranxition's privileges, as Lenovo seeks to depose Tranxition's prior counsel and explicitly seeks communications with its Tranxition's attorneys.

In so doing, Lenovo is strategically undermining the very purpose of the notice requirement, which is "to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things." (*See* Fed. R. Civ. P. 45 Advisory Comm.'s Notes (1991 Am.); *see also* Fed. R. Civ. P. 30(b)(1) (requiring serving "reasonable written notice [of a deposition] to every other party").) As the Federal Rules contemplate, it will take time for the parties to address these issues and file motions as necessary.

For these reasons, good cause exists to modify the existing scheduling order.

### 2. Tranxition Has Made Effective Use Of Prior Time.

While it is manifest that Lenovo has not made diligent use of time, the proper inquiry is Tranxition's effective use of time since it was notified of the potential depositions on February 12, 2015. Obviously very little could be accomplished in these few days, particularly without Lenovo's cooperation. Nonetheless, Tranxition sought to meet-and-confer with Lenovo and filed the instant expedited motion without delay.

### 3. Tranxition Sets Forth A Revised Proposed Discovery Schedule That Does Not Impact The October 13, 2015 Trial Date.

Attachment A to the instant motion sets forth a revised schedule, adjusting all deadlines 45 days, with the exception of the trial date and pretrial conference deadlines. The Ninth Circuit has noted that modifications to the scheduling order which "create no meaningful case management issues" and did not "infringe[ ] on the efficient adjudication" are proper. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (internal citations omitted). Tranxition's proposed schedule not only does not impact the trial date, it leaves a full

two months between the proposed August 17, 2015 identification of rebuttal witnesses and the currently existing trial date of October 13, 2015.

> **B.** **In The Alternative, Lenovo Should Be Precluded From Conducting Untimely And Unreasonably Burdensome Depositions.**

It is Tranxition's position that this Court should extend the discovery cut-off to allow the parties to effectively manage Lenovo's twelve belatedly noticed depositions and otherwise complete discovery. However, should this Court decline to do so, Tranxition respectfully requests that this Court enter an order precluding Lenovo from conducting its patently improper and much belated third-party depositions.

"Broad discretion is vested in the trial court to permit or deny discovery . . . ." *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) *overruled on other grounds* (internal citation omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This rule was "enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982). A court has wide latitude to "achieve the benign purposes of the rule." *Id.* at 369 (internal citation omitted).

> **1.** **Lenovo's Belated And Burdensome Noticing Of Depositions Constitutes Abuse Of The Discovery Process.**

To the extent that Lenovo is unable to complete the depositions prior to the close of discovery, it is proper for this Court to preclude Lenovo from taking these depositions. Local Rule 16-2(e)(1) requires that all depositions be complete before the close of discovery. *See also Sanchez v. Sterling Infosystems, Inc.*, No. 2:13-MC-0050-KJM-AC, 2013 WL 3772484, at *3 (E.D. Cal. July 16, 2013) (court rejected the parties' contention that "a deposition is timely

simply because the notice issues before discovery closes" and quashed subpoena for failure to comply with the scheduling order). Because Lenovo cannot complete these depositions prior to the close of discovery, it is proper for this Court to enter an order precluding any depositions scheduled after the close of discovery.

However, even if Lenovo is able to schedule any depositions prior to the close of discovery, this Court should enter an order precluding the taking of such depositions. Courts routinely reprimand parties that unnecessarily wait until the eve of the close of discovery to arrange for a flurry of depositions. *See, e.g., Optimumpath, LLC v. Belkin Int'l, Inc.*, No. C 09-1398 CW MEJ, 2010 WL 4279501, at *2 (N.D. Cal. Oct. 22, 2010) (finding that the party caused unnecessary delay by serving multiple deposition notices on the eve of close of discovery); *Mondares v. Kaiser Found. Hosp.*, No. 10-CV-2676-BTM WVG, 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011). Noticing a large number of depositions just before the discovery deadline is also "unduly burdensome and oppressive" by violating Federal Rule of Civil Procedure 30(b)(1)'s reasonable notice requirement. *Harry A. v. Duncan*, 223 F.R.D. 536, 538-539 (D. Mont.) *supplemented*, 330 F. Supp. 2d 1133 (D. Mont. 2004). As stated above, due to the confidential nature of much of the documents and testimony implicated, there can be little doubt that Lenovo intended to give Tranxition as little time as possible to protect its privileges.

Despite representing that the current close of discovery was "excessive," and knowing about many of the potential deponents for years, Lenovo waited until the very last moment to serve twelve deposition notices, certain of which intend to invade Tranxition's privileges. Because the timing and content of these depositions demonstrates the improper purpose of disrupting Tranxition, interfering with the preparing of its case, and precluding Tranxition from

protecting its privileges, Tranxition respectfully requests that this Court enter an order preventing Lenovo from taking each of the twelve depositions.

### 2. Lenovo Failed To Meet And Confer With Tranxition Regarding Deposition Scheduling.

Pursuant to Local Rule 30-2, "[e]xcept for good cause, counsel will not serve a notice of deposition until they have made a good faith effort to confer with all counsel regarding a mutually convenient date, time, and place for the deposition." Lenovo did not do so. Rather than engaging in a good faith effort to meet and confer regarding a reasonable schedule, just before the close of discovery, Lenovo bombarded Tranxition with notices of deposition subpoenas. The Local Rule requiring parties to meet and confer seeks to avoid this very type of ambush.

### 3. Lenovo Improperly Seeks To Conduct More Than Ten Depositions In Violation of Federal Rule of Civil Procedure 30(a)(2).

Federal Rule of Civil Procedure 30(a)(2) limits each side to ten depositions, absent leave of Court. At this time, Lenovo has already taken two depositions. That Lenovo, in one fell swoop, stated its intent to take twelve depositions demonstrates its disregard for these proceedings and the unreasonableness of its abusive discovery tactics.

## V. CONCLUSION

Tranxition respectfully requests that this Court enter an order extending the close of fact discovery for 45-days, as well as making related adjustments to this Court's Civil Trial Scheduling Order as outlined in Attachment A. In the alternative, Tranxition respectfully requests an order precluding Lenovo from taking twelve (12) untimely and unduly burdensome third party depositions.

Respectfully submitted,

By: */s/ Arthur S. Beeman*
**ATTORNEYS FOR PLAINTIFF TRANXITION INC.**

**Dayna J. Christian, OSB #97336**
Immix Law Group, PC

**Arthur S. Beeman (pro hac vice)**
Arent Fox LLP

**Paul H. Beattie (pro hac vice)**
Rimon Law Group, P.C.

## Attachment A

| Event | Current Due Date | Proposed New Due Date (Advanced 45 Days) |
|---|---|---|
| Close of discovery | March 2, 2015 | April 16, 2015 |
| Disclosure of Expert Testimony | March 12, 2015 | April 27, 2015 |
| Rebuttal Expert Testimony | April 13, 2015 | May 26, 2015 |
| Close Expert Discovery | May 11, 2015 | June 25, 2015 |
| Dispositive Motions | June 1, 2015 | July 15, 2015 |
| Identification of Trial Witnesses | June 16, 2015 | July 31, 2015 |
| Identification of Rebuttal Witnesses | July 1, 2015 | August 17, 2015 |
| Pretrial Conference Order | TBD (10 Days after the Court rules on dispositive motions) | TBD (10 Days after the Court rules on dispositive motions) |
| Pretrial conference | October 6, 2015 | October 6, 2015 |
| Trial | October 13, 2015 | October 13, 2015 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of February, 2015, with a copy of the foregoing document via the Court's CM/EFC system pursuant to LR 100-4(a). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

By: */s/ Arthur S. Beeman*
Arthur S. Beeman