**Kenneth L. Walhood, OSB No. 944572**
ken@bluncklaw.com
Blunck & Walhood, LLC
2350 Willamette Falls Drive
West Linn, Oregon  97068
503.656.1654 Phone
503.656.0603 Fax

**Fred I. Williams** (*pro hac vice*)
fwilliams@akingump.com
Akin Gump Strauss Hauer & Feld LLP
600 Congress Avenue, Suite 1350
Austin, Texas  78701
512.499.6200 Phone
512.499.6290 Fax

**Todd E. Landis** (*pro hac vice*)
tlandis@akingump.com
**Eric J. Klein** (*pro hac vice*)
eklein@akingump.com
Akin Gump Strauss Hauer & Feld LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201
214.969.2800 Phone
214.969.4343 Fax

Attorneys for Defendant Lenovo (United States) Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| TRANXITION, INC., a Delaware corporation, | Case No. 3:12-cv-1065-HZ |
| Plaintiff, | **LENOVO (UNITED STATES) INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ORDER EXTENDING CLOSE OF FACT DISCOVERY AND RELATED ADJUSTMENTS TO SCHEDULING ORDER AND ALTERNATIVE MOTION FOR ORDER PRECLUDING TAKING OF THIRD-PARTY DEPOSITIONS** |
| v. | |
| LENOVO (UNITED STATES) INC., a Delaware corporation, | |
| Defendant. | |

Lenovo (United States) Inc. ("Lenovo") responds as follows to Plaintiff Tranxition, Inc.'s ("Tranxition") Motion for Order Extending Close of Fact Discovery and Related Adjustments to Scheduling Order; In the Alternative Tranxition's Motion for Order Precluding Lenovo from Taking Twelve (12) Untimely and Unduly Burdensome Third-Party Depositions (Dkt. No. 231) (the "Motion").

During the last hearing on January 28, 2015, the Court stated that "[t]his case is going to move forward as I've directed."  *See* 1/28/2015 Hearing Transcript at 15.  Lenovo has acted expeditiously to obey the Court's directions in this regard.  As a result, Lenovo believes that an extension of the Court-ordered March 2 fact discovery deadline is not needed and that the Motion does not provide any basis under which Tranxition needs additional time to complete discovery.  In fact, Lenovo has already objected and/or responded to 98 Requests for Production, 273 Requests for Admission, and 17 Interrogatories (many of which contained multiple subparts).  Then on March 2—the day that discovery was ordered to close and over a month after the ordered deadline for serving new written discovery—Tranxition served 15 additional Requests for Production and an Amended Third Set of Requests for Production seeking an entirely new scope of document production.

Tranxition's untimely March 2 discovery requests followed on the heels of another untimely set of Tranxition discovery requests served on January 30, which included the aforementioned 273 Requests for Admission, plus 18 Requests for Production and eight Interrogatories including multiple subparts that disregarded the parties' stipulation concerning Interrogatories.  *See* Joint Stipulation to Withdraw Plaintiff's Motion for Discovery Protective Order, Dkt. No. 37.  Under the Court's rules, the due date for discovery responses includes three additional days to serve responses and objections.  So the response date for Tranxition's

discovery requests served on January 30 would have been March 4, two days after the March 2 discovery deadline.  *See* District of Oregon Local Rule 6.  Rather than bring the untimeliness of Tranxition's January 30 discovery requests to the Court's attention, Lenovo answered the untimely discovery on the March 2 fact discovery deadline in order to comply with both the letter and spirit of the Rules and the Court's orders.

The Motion now asks the Court to extend discovery further, not because there is a legitimate basis for the extension, but because Tranxition thought that Lenovo needed an extension to complete its own deposition discovery.  In the Motion, Tranxition complains, without basis, that Lenovo acted in an oppressive manner in an effort to hamper Tranxition's discovery efforts.  Lenovo will take the high road in not responding to all of the inaccuracies in the Motion but will briefly address the legitimacy of the deposition subpoenas served three weeks before the March 2 discovery deadline.[1]

As the Motion recites, Lenovo served 12 deposition subpoenas on February 12.  The subpoenas were, for the most part, for witnesses identified by Tranxition as purportedly having knowledge supporting Tranxition's claimed priority dates.  During the December 8, 2014, hearing, Tranxition told the Court that it planned to call one or more of those witnesses at trial. *See* 12/8/14 Hearing Transcript at 23 ("we provided a list . . . in our most recent supplementation, and plan to call one or more of those persons at trial.").  As a result, Lenovo subpoenaed the individuals in order to discover what relevant information they may have.

Given that the majority of the witnesses reside outside the subpoena power of the Court for trial, Lenovo asked Tranxition if it would accept service for any of the witnesses.  Lenovo

---

[1] Lenovo would be happy to address any of the other issues raised by Tranxition at the March 11 hearing.

made that request in hopes that Tranxition would identify the witnesses that it actually intended to call at trial so that Lenovo would not have to burden third-party witnesses that Tranxition is not attempting to call at trial.  The witnesses included two individuals disclosed in Tranxition's initial disclosures as being under the control of Tranxition, who were to be served through Tranxition's counsel.[2]  Tranxition refused to accept service for those two (and every other requested) witness, and so Lenovo was left with no choice but to subpoena the witnesses. Lenovo did so 18 days before the close of discovery.  After Lenovo determined that, in fact, most of these witnesses possess no facts or documents that could support Tranxition's claims, the subpoenas were withdrawn.

Lenovo's discovery efforts with these witnesses were entirely proper and timely and did not violate any rule.  Lenovo only intended to take discovery from these witnesses in order to verify that Tranxition's previous averments regarding the nature of the witnesses' knowledge were incorrect or unfounded.  Tranxition does not, because it cannot, cite to a single rule or case demonstrating that Lenovo's conduct was improper.  In complex litigation, it is common for depositions to be noticed at the end of the discovery period.  This case is no different.

Given the foregoing, and in an effort to reduce the burden on the Court caused by discovery disputes, Lenovo does not oppose the proposed schedule in Attachment A to the Motion, with two minor restrictions.  Lenovo respectfully asks that the Court restrict discovery during this extended period to only (1) deposition discovery and (2) any motion practice for written discovery that was timely served by requiring responses and objections to be served by the March 2 close of discovery under Federal Rule of Civil Procedure 6(d) and Local Rule 6.

---

[2] Messrs. Mats Lanner and Gordon Rielly were both listed on Tranxition's initial disclosures as individuals having relevant knowledge that were under the care of Tranxition counsel.

Narrowly tailoring the requested extension of discovery will allow the Court and all parties to avoid burdensome and duplicate discovery requests and, with any luck, additional disputes.

Dated:  March 9, 2015                          Respectfully submitted,

                                               AKIN GUMP STRAUSS HAUER & FELD LLP

                                               By: */s/ Eric J. Klein*_____
                                                    Fred I. Williams (pro hac vice)
                                                    Todd E. Landis (pro hac vice)
                                                    Eric J. Klein (pro hac vice)
                                                    Telephone:  214.969.2800

                                                    Kenneth L. Walhood, OSB No. 944572
                                                    Blunck & Walhood, LLC
                                                    Telephone:  503.656.1654

                                               **ATTORNEYS FOR DEFENDANT
                                               LENOVO (UNITED STATES) INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of March, 2015, with a copy of the foregoing document via the Court's CM/ECF system pursuant to LR 100-4(a).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

                                               */s/ Eric J. Klein*_____
                                               Eric J. Klein